By the Court, Bronson, J.
It is not improbable that the jury would have found there was no levy upon the goods in the house on the, twenty-fifth of December, if the cause had been made to turn on that question. But as the judge assumed that there was a levy on that day, and ruled against the defendant on another ground, we cannot avoid passing upon the questions of law which are presented by the charge. And I take the rule to be, that for the purpose of serving civil process in the first instance, whether against the person or the goods *599 of the defendant in the process, the officer cannot justify the breaking of the outward door of the defendant’s dwelling house. But where the execution of the process has been properly commenced, the officer may afterwards break the outward door, if necessary, for the purpose of continuing and completing the execution. This distinction is fully sustained by the authorities cited at the bar; to which others might be added if it were necessary.(a) If the defendant, after an arrest, escape and take shelter in his dwelling house, the officer may pursue, and if he cannot otherwise gain admission, may break the house for the purpose of making recaption. And the principle is the same where the officer has made a levy upon goods. If the defendant has afterwards shut them up in his dwelling, and the officer cannot gain admittance upon a reasonable demand, he may force the doors for the purpose of regaining his possession and legal control over the property. A different rule would put the officer in a most perilous condition. By the original levy, he makes himself answerable to the creditor for the goods, or for so much of them as will be sufficient to satisfy the debt; and if his control over the property is made to depend on the will of the debtor, it is easy to see that the goods may be wasted or destroyed, and yet the officer be charged with the payment of the debt. When a levy has been duly made, the property is in the custody of the law, and the officer may do whatever is necessary for the purpose of maintaining his legal control over it.
As the officer did not remove the goods, the case has been likened to the suffering of a voluntary escape after an arrest upon process against the body. But it is not unusual in this state, after a levy upon goods, to leave them in the possession of the debt- or, either with or without a receiptor. It is an act of kindness towards the debtor, which, although it may render the officer *600 answerable to the creditor, or involve him in difficulty with third persons, does not amount to an abandonment of the levy so far as the debtor himself is concerned. As to him, the property is still in the custody of the law, and the officer may come again at pleasure to complete the execution of the process.
The only remaining question arises upon the judge’s order. Although the terms were, that “ all proceedings” upon the execution should be stayed, in legal effect it only stayed a sale of the goods until the motion should be disposed of. If there had been no prior levy, the order might have prevented the making of one. But here there had been a prior levy. The officer had already become answerable to the creditor for the safe keeping of the goods; and it would be a most unreasonable construction of the order to say, that it tied the sheriff’s hands so that he could not take care of the property until it should be decided whether he was to sell or not. It would put it in the power of the debtor to waste or dispose of the goods, leaving the sheriff answerable to the creditor for their value. These orders made in general terms must be construed with reference to the object for which they were granted; otherwise great injustice will be done. It is not unusual to see an order that all proceedings on the part of the plaintiff, without any qualification, be stayed until the defendant can make some motion. Should such an order be taken literally, it would prevent the plaintiff from preparing papers, or employing counsel to oppose the motion. In the case at bar,- the judge could have intended no more than to stay a sale on the execution until the defendant should be heard on his motion to set aside the process; and the sheriff might well reenter the house for the purpose of completing the inventory, and doing whatever else might be necessary for the safe keeping of the goods until the motion should be determined.
New trial granted.

 See The State v. Armfield, (2 Hawks' Rep. 246;) Haggerty v. Wilder, (16, Johns. Rep. 287;) The State v. Thackam, (1 Bay's Rep. 358;) 1 Smith’s Lead. Cas. 39, 43, 4, and the note, Philad. ed. of 1844; M’Gee v. Givan, (4 Blackf. Rep. 18, noté (1).)